## Sherman K. Moss, Appellee, v. Cora A. Moss, Appellant.

### Gen. No. 6,454.

1. EXECUTORS AND ADMINISTRATORS, § 164*—*how statutes as to allowances for support of widow or children construed.* The provisions of statutes allowing awards out of the estate of a decedent for the support of his widow, or child or children if he left no widow, for a period after his death should be construed liberally.

2. EXECUTORS AND ADMINISTRATORS, § 164*—*right of widow or child to reasonable award for support out of estate.* Sections 74, 75, 77 of the Administration Act (J. & A. ¶¶ 123, 124, 126), providing for awards to a decedent's widow, or child or children if he leaves no widow, contemplates that the award shall be a reasonable one for the proper support for a period of one year after his death in a manner suitable to condition in life of the person to whom the award is made, taking also into account the condition of the decedent's estate.

3. EXECUTORS AND ADMINISTRATORS—*when allowance to child for support is insufficient.* An award of $1,200 *held* insufficient and $1,800 allowed, under sections 74, 75, 77 of the present *Administration Act* (J. & A. ¶¶ 123, 124, 126), to a child of decedent who, during the latter's last illness, became afflicted with rheumatism and was suffering with same at the time of his death and would require medical attention and treatment, care and nursing for a year thereafter, where the decedent left an estate valued at $50,000.

Appeal from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed October 16, 1917.

JOHN W. DOWNEY, for appellant.

JAMES F. GALVIN and MURPHY & LYON, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This is an appeal by Cora A. Moss from a judgment of the Circuit Court of Will county, fixing her award

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in the estate of her deceased father, George B. Moss, at $1,200.

The evidence shows that George B. Moss died testate at Plainfield in Will county on November 1, 1915; that he was a retired farmer, and a widower; and that the appellant was his daughter and housekeeper, and was living with him in the home established at Plainfield, after his retirement from the farm. The deceased left an estate of about $50,000. No question is raised on this appeal concerning the right of the appellant to an award out of the estate of her father, but the contention in the case concerns the amount to which the appellant was entitled under the provisions of sections 74, 75 and 77 of the present Administration Act (J. & A. ¶¶ 123, 124, 126). Pursuant to the act in question, the Probate Court of Will county had appointed three appraisers; these appraisers determined that $4,000 be allowed as an award, which amount was approved by the Probate Court. The amount allowed, however, was objected to by Sherman K. Moss, one of the heirs and devisees of the deceased, who filed a petition alleging that the award was unreasonable and unjust, and asked to have same reviewed by the Probate Court, which was done; thereupon the amount was reduced by court to $3,200, and from this order the petitioner prosecuted an appeal to the Circuit Court of Will county, and that court, upon a hearing, reduced the award to $1,200.

It is contended by the appellant that the amount as fixed by the Probate Court was reasonable and just, and should have been allowed to stand; and that the Circuit Court erred in reducing it. The statute contemplates that the award shall be a reasonable one for the proper support of the widow, or of the child or children in case there is no widow, for a period of one year after the death of the testator of intestate, in a manner suited to condition in life of the person to

whom the award is to be made, taking into account, also, the condition of the estate of the testator or intestate. The provisions made by statutes of this character should be construed liberally. *Gillett v. Gillett,* 207 Ill. 147.

While we think the Circuit Court properly reduced the amount of the award allowed by the Probate Court, we are also of opinion that taking into account the condition of the estate with reference to its value, which in this kind of a case should be considered as a proper element in connection with the appellant's condition in life at the time of the death of her father, that the reduction exceeded what was required. The evidence shows that the appellant during the time of her father's last illness became afflicted with rheumatism, and was still suffering from this ailment at the time of his death; and it was necessary that she should have medical attention and treatment, care and nursing, apparently for the entire year after the decease of her father. This fact, in view of the large value of the estate which he left, undoubtedly entitled her to receive ample medical attention, as well as sufficient care and nursing, as a part of her proper support from the estate. If the appellant had not been afflicted with the disease which she contracted while in the service of her father, the sum of $1,200 fixed by the Circuit Court, we think, would have been reasonable and just; but under the circumstances here presented, at least $600 should be added to the allowance made for medical attention, nursing and proper care of the appellant for the year following her father's death.

Judgment of the Circuit Court is therefore reversed and remanded with the direction that the amount of the award be fixed at $1,800.

*Reversed and remanded with directions.*